IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL DELAVEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| AMDOCS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT AMDOCS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Amdocs, Inc. ("Amdocs") respectfully notifies the Court that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it has on this day removed the action captioned *Michael DelaVega v. Amdocs, Inc.*, Docket No. 12C-5162, from the Circuit Court of Davidson County, State of Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division. Defendant Amdocs supports this removal as follows:

1. On or about December 14, 2012, Plaintiff Michael De la Vega ("Plaintiff") filed the above-captioned action in the Circuit Court of Davidson County, Tennessee, in which he alleges violations of the Tennessee Public Protection Act and retaliatory discharge. Plaintiff seeks compensatory and punitive damages in an amount of $2,000,000. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff served Amdocs with the Complaint on June 19, 2013.

3. Plaintiff's Complaint alleges that Amdocs attempted to require Plaintiff to engage in unethical conduct because of his race, and that it retaliated against Plaintiff by

terminating his employment after Plaintiff refused to engage in such allegedly unethical duties. (Complaint, ¶¶ 11-20.)

4. This Notice of Removal to Federal Court is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of service of Plaintiff's Complaint.

5. The United States District Court for the Middle District of Tennessee has diversity jurisdiction over this matter under 28 U.S.C. § 1332, which requires diversity of citizenship between the parties and an amount-in-controversy of more than $75,000.

6. Although Plaintiff's Complaint in this action makes no allegations of his citizenship, Plaintiff has filed a second related action against Amdocs in the Northern District of Georgia, Case No. 1:13-cv-01560 (in which Amdocs has not been served), affirming Plaintiff's citizenship in Cherokee County, Georgia. *See* D.I. 1 in Northern District of Georgia, Case No. 1:13-cv-01560.

7. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every state . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." The United States Supreme Court has held that a corporation's "principal place of business" for determining its citizenship is the "nerve center," which is "where a corporation's officers direct, control, and coordinate the corporation's activities." *The Hertz Corp. v. Friend*, 599 U.S. 77, 92, 130 S. Ct. 1181 (2010).

8. Amdocs is, and was at the time of the filing of this action, a corporation formed under the laws of the state of Delaware, and has its principal place of business at

1390 Timberlake Manor Parkway, Chesterfield, Missouri 63017. Amdocs, therefore, is a citizen of Delaware and Missouri, and is not a citizen of Tennessee or of Georgia.

9. For the purposes of establishing the amount-in-controversy for a removal action, the sum claimed by Plaintiff controls. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Plaintiff claims two million dollars in damages, easily surpassing the threshold amount of $75,000.

10. Diversity jurisdiction over Plaintiff exists in this Court under 28 U.S.C § 1332 because the case is between citizens of different states and the amount in controversy exceeds $75,000. Thus, this case is properly removable to this Court in accordance with 28 U.S.C. § 1441.

11. No further proceedings have occurred in the Circuit Court of Davidson County with regard to this action. Plaintiff's Complaint, attached hereto as **Exhibit 1**, constitutes the only pleading filed against Amdocs in this matter to date.

12. Because this action was pending in the Circuit Court of Davidson County, removal to the United States District Court for the Middle District of Tennessee, Nashville Division, is proper under 28 U.S.C. § 1441(a).

13. A Notice of Filing of Notice of Removal, including a duplicate of this Notice of Removal to Federal Court, is being filed with the Clerk of the Circuit Court of Davidson County, Tennessee, and with the Plaintiff, as provided by 28 U.S.C. § 1446(d).

14. By filing this Notice of Removal to Federal Court, Amdocs does not waive any defenses which may be available to it.

WHEREFORE, having fulfilled all statutory requirements, Amdocs respectfully requests that the Complaint filed by Plaintiff in the Circuit Court of Davidson County, Tennessee, be removed to this Court.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ Ben Bodzy

Ben Bodzy, Esq. (TN BPR #023517)
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: 615-726-5640
Facsimile: 615-744-5640
bbodzy@bakerdonelson.com

**THOMPSON COBURN LLP**

Laura Jordan by Ben Bodzy w/perm

Laura M. Jordan, Esq.
Missouri Bar No. 48755 (*pro hac vice pending*)
One US Bank Plaza
St. Louis, MO 63101
Telephone: 314-552-6000
Facsimile: 314-552-7000
ljordan@thompsoncoburn.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to the following on this 18th day of July, 2013.

Michael L. Russell
GILBERT RUSSELL MCWHERTER PLC
Gateway Plaza
5409 Maryland Way, Suite 150
Brentwood, TN 37027

David Allen Roberts
THE ROBERTS LAW FIRM
267 West Wieuca Road, N.E.
Suite 204
Atlanta, GA 30342

Ben Bodzy

N BHB 971181 v1
2924449-000001  07/17/2013